UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME CISSON,

                        Plaintiff,

                v.                                        9:09-CV-260
                                                                          (FJS/ATB)

DANIEL MIDDAUGH, Oneida County Sheriff;
and EDNA HOBBIE, Oneida County Jail
Law Librarian,

                        Defendants.

---

**PARTIES**                                                  **ATTORNEYS**

**JEROME CISSON**
08-B-3744
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, New York 12953
Plaintiff *pro se*

**GORMAN, WASZKIEWICZ,**               **BARTLE J. GORMAN, ESQ.**
**GORMAN & SCHMITT**
1508 Genesee Street
Utica, New York 13502-4178
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Baxter's February 2, 2011 Report-Recommendation, *see* Dkt. No. 53, and Plaintiff's objections thereto, *see* Dkt. No. 54. Plaintiff generally objects to Magistrate Judge Baxter's recommendation that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's conspiracy claims, *see* Plaintiff's

Objections at 4, and to Magistrate Judge Baxter's finding that Plaintiff failed to establish an issue of fact material to his denial-of-access-to-the-courts claim against Defendant Hobbie, *see id.* at 2-3. Plaintiff also objects to Magistrate Judge Baxter's finding that Defendant Middaugh was not personally involved in the alleged constitutional violations, *see id.*, specifically objecting to Magistrate Judge Baxter's finding that Plaintiff did not challenge Defendants' statement of facts, *see id.* at 1-2. Finally, Plaintiff objects based on his mistaken belief that Magistrate Judge Baxter found that Defendants were entitled to qualified immunity. *See id.* at 5.[1]

Plaintiff commenced this civil rights action against Defendant Middaugh, Oneida County Sheriff, and Defendant Hobbie, Oneida County Jail Law Librarian. The gravamen of Plaintiff's amended complaint is that, while he was incarcerated in the Oneida County Jail in 2008, Defendants conspired to deprive him of "adequate access" to the courts and law library at Oneida County Jail. Specifically, Plaintiff asserts that, in February 2008, he informed Defendants that he did not have an attorney, was proceeding *pro se*, and "was entitled to adequate access to the law library." *See* Amended Complaint at ¶ 7. Plaintiff further contends that Defendant Hobbie's actions left him "unable to prepare and file meaningful legal documents" for his criminal trial and that Defendant Middaugh "failed to adequately supervise his subordinate defendant Hobbie[.]"

---

[1] In his Report-Recommendation, Magistrate Judge Baxter addressed Defendants' argument that Plaintiff had not exhausted his administrative remedies and found that, although grievance procedures were available at the Oneida County Jail and Plaintiff was not deterred from using them, he had to resolve Plaintiff's allegation that he was threatened with retaliation for use of the grievance procedure drawing all reasonable inferences in Plaintiff's favor. *See* Report-Recommendation at 6-7. Applying this analysis, Magistrate Judge Baxter concluded that he could not find as a matter of law "that [P]laintiff was not threatened with retaliation for pursuing grievances[.]" *See id.* at 7. Therefore, he recommended that the Court deny Defendants' motion for summary judgment on this basis. *See id.* Defendants did not object to Magistrate Judge Baxter's findings or recommendation with regard to this issue.

*See id.* at ¶¶ 10-11.  Moreover, Plaintiff claims that Defendant Hobbie "alone [could] not supply the demands for legal documents that is require[d] for the Imates [sic] here at this facility."  *See* Dkt. No. 45-2 at 18.  Finally, Plaintiff contends that, while he was at Oneida County Jail, he was unable to file suppression motions on time and was unable to meet his filing deadline for his motion to dismiss the indictment because the library did not notarize his documents on time, he could not mail his legal documents, and Defendant Hobbie misplaced or otherwise lost his documents.

On April 26, 2010, Defendants filed a motion for summary judgment, which included a statement of undisputed material facts.  *See* Dkt. No. 45.  Plaintiff filed papers in opposition to Defendants' motion, *see* Dkt. No. 47, to which Defendants filed a reply, *see* Dkt. No. 49.  On February 2, 2011, Magistrate Judge Baxter issued a Report-Recommendation, in which he recommended that the Court grant Defendants' motion and dismiss Plaintiff's complaint in its entirety.  *See* Report-Recommendation at 17.  Plaintiff filed timely objections to those recommendations, which are now ripe for the Court's review.  *See* Dkt. No. 54.

In reviewing a magistrate judge's report and recommendation, the district court "may accept, reject or modify, in whole or in part, [the magistrate judge's] findings or recommendations . . . ."  28 U.S.C. § 636(b)(1)(C).  The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects.  *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."""  *Salmini v. Astrue,* No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306

[(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen,* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist. *See Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998).

Additionally, a court must read a *pro se* plaintiff's pleadings liberally "'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff "must present admissible evidence from which a reasonable jury could find in his favor" because he cannot simply rely on the allegations in his complaint to defeat a motion for summary judgment. *Belpasso v. Port Auth. of N.Y. & N.J.*, 400 Fed. Appx. 600, 601 (2d Cir. 2010) (citing *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996)).

The Court has thoroughly reviewed Plaintiff's objections to Magistrate Judge Baxter's recommendations and, for a variety of reasons, finds them to be without merit. In most instances, Plaintiff's objections are conclusory and do no more than reiterate the arguments that he made in opposition to Defendants' motion for summary judgment. Moreover, with respect to the issue of qualified immunity, Plaintiff is mistaken about Magistrate Judge Baxter's recommendation. Nonetheless, despite the numerous deficiencies in Plaintiff's objections, the Court conducted a *de novo* review of Magistrate Judge Baxter's Report-Recommendation; and, having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 2, 2011 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 27, 2011
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge